UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER L. DODSON,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CASE NO. 3:15-cv-05144 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 13, 19, 20).

After considering and reviewing the record, the Court concludes that the ALJ did not provide persuasive and valid reasons for failing to credit fully the 100% disability determination by the Department of Veterans Affairs ("VA"). The ALJ's finding that

ORDER ON PLAINTIFF'S COMPLAINT - 1

there is no solid medical basis to support the VA's determination is not based on substantial evidence in the record as a whole. For example, a VA psychiatric evaluation documented difficulty with sleep, nightmares, intrusive thoughts, paranoia, feeling like he's back in Iraq with hyper-arousal, isolation, bad days, patrolling the perimeter of his home with a gun, weight gain, excessive drinking, anhedonia, diminishing social network, irritability, anger, and suicidal thoughts. In addition, he was observed on the mental status examination to be agitated, irritable and tearful, with restricted affect and somewhat scattered attention and concentration, with fair to poor insight and the appearance of being overwhelmed, and was diagnosed with PTSD ("post traumatic stress disorder") and Major Depressive Disorder.

Therefore, as explained in this decision, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, CHRISTOPHER DODSON, was born in 1969 and was 40 years old on the amended alleged date of disability onset of April 1, 2009 (*see* AR. 53, 184-88, 189-190). Plaintiff completed high school and later attended college but was called into active military duty just short of receiving his degree in history (AR. 48-49). Plaintiff is a decorated veteran who served in both the Marine Corps (1988-1991, 2000-2003) and in the U.S. Army (2006-2010) (Dkt. 13, p. 2 (*citing* AR. 176)). After plaintiff's alleged onset date, in 2009, plaintiff "testified that his battalion leader found him unfit for physical activities, and therefore limited his daily work tasks" (AR. 19, 53). The ALJ

found that "as of the alleged onset date, [plaintiff] worked with special conditions that were essential to the further performance of his work" (*see id.*).

According to the ALJ, through the date last insured, plaintiff had at least the severe impairments of "post-traumatic stress disorder (PTSD); cervical and lumbar spine degenerative disc disease; right hip strain; osteoarthritis of the left knee; right ankle Achilles tendon spur; pes planus; degenerative joint disease of the right upper extremity; [and] alcohol abuse." (AR. 19.)

At the time of the hearing, plaintiff was living in a house alone (AR. 40).

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration (*see* AR. 75-82, 84-95). Plaintiff's requested hearing was held before Administrative Law Judge Robert P. Kingsley ("the ALJ") on April 8, 2014 (*see* AR. 36-65). On October 31, 2014, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 14-35).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ provided adequate reasons for rejecting the Rating Decision issued by the VA; and (2) Whether or not the ALJ provided clear and convincing reasons for finding that plaintiff's testimony was not credible (*see* Dkt. 13, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not

supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

### (1) Whether or not the ALJ provided adequate reasons for rejecting the Rating Decision issued by the VA.

Plaintiff contends that the ALJ failed to provide legitimate reasons for rejecting the Department of Veterans Affairs ("VA") rating (Dkt. 13, pp. 3-6). Defendant contends that the ALJ properly evaluated the VA disability rating (Dkt. 19, pp. 10-14). As noted by plaintiff, the VA has determined that plaintiff is 100% disabled, with housebound status, due to his service-connected impairments (Dkt. 13, pp. 3).

Regarding the weight to be given to a disability determination by the Department of Veterans Affairs ("VA"), the Ninth Circuit has agreed "with the approach of the Fourth, Fifth, and Eleventh Circuits and h[e]ld that in an SSD case an ALJ must ordinarily give great weight to a VA determination of disability . . . because of the marked similarity between these two federal disability programs." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (internal citations omitted). The Ninth Circuit noted various similarities between the programs:

> Both programs serve the same governmental purpose - providing benefits to those unable to work because of a serious disability. Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims . . . . Both programs have a detailed regulatory scheme that promotes consistency in adjudication of claims. Both are administered by the

federal government, and they share a common incentive to weed out meritless claims.

*McCartey*, *supra,* 298 F.3d at 1076.

The court further concluded that "the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.* (citation omitted). For the reasons discussed below, the Court concludes that here, the ALJ's reasons for rejecting the VA rating are not persuasive, specific, and valid. *See id.*

Defendant argues that the ALJ provided three reasons for giving the VA disability rating decision "little weight" that constitute specific, persuasive and valid rationale (Dkt. 19, p. 11; *see also* AR. 28). In giving only little weight to the VA disability rating decision, the ALJ noted the following:

> The VA assigned the claimant a service-connected disability rating of 100% (internal citation to 12 E). On May 18, 2010, he was assigned the following service connection ratings: right shoulder-20%; thoracic and lumbar spine-20%; left knee-10%; right wrist-10%; sciatic nerve affecting right lower extremity-10%; ankle injury-10%; right hip-10%; cervical spine-10%; tinnitus-10%; and HTN-0%. (Internal citation to 12 E/8-10). The claimant testified his total compensation rating was 70% when he left service, effective January 26, 2010. On July 17, 2013, the VA evaluated the claimant's PTSD, and increased his total service connection rating to 100%, effective November 18, 2011. (Internal citation to 12 E/3). The VA explained that it assigned the new rating because the claimant had total occupational and social impairment, persistent delusions, persistent hallucinations, difficulty adapting to a work like setting, difficulty adapting to stressful circumstances, difficulty adapting to work, difficulty establishing and maintaining effective work in social relationships, forgetfulness of complete tasks, impairment of short- and long-term memory, panic attacks more than once a week, retention of only highly learned material, a chronic sleep impairment, and a depressed mood. The VA assessed a GAF score of 50. (Internal citation to 12 E/4-5).

(AR. 28).

The first reason provided by the ALJ for his failure to credit fully the 100% disability rating by the VA was that "it is unclear why the date November 18, 2011, was chosen for the effective date of these changes" (*see id.*). However, the ALJ next notes that it "seems the claimant requested reopening of his claim on that day, and that's why it was chosen" (*id.* (*Citing* 12 E/3)). Although defendant contends that there was a "lack of clarity regarding the effective date of the VA disability rating," it is obvious from a review of the VA rating decision that the date of November 18, 2011, was chosen because it was "the date of receipt of [plaintiff's] claim for service connection for PTSD," as explained in the VA decision itself (AR. 333 ("The effective date of November 18, 2011, is the date of receipt of your claim for service connection for PTSD"); *see also* Dkt. 19, p. 11). The Court notes plaintiff's argument that the "ALJ's statement that 'it is unclear' how the VA came up with the effective date demonstrates only that he is unfamiliar with VA law and did not read the rating decision carefully" (Dkt. 13, p. 4 (*citing* AR. 333)). The Court also notes plaintiff's arguments that the effective date chosen by the VA "is consistent with 38 C.F.R. § 3.400 (2010), that the effective date is the date the VA receives the claim or the date that entitlement to the benefit arose, whichever is later" and that the "medical evidence actually supports an earlier onset date, but the VA was limited to the date of application, by regulation" (*id.*). The Court does not find persuasive defendant's argument that the ALJ's finding that the reasons for the effective date are unclear "actually drives home the point that the VA and

SSA apply different standards . . . ." (Dkt. 19, p. 11). Instead, the Court finds persuasive plaintiff's reply that "this effective date concept does not demonstrate different standards between the VA and SSA programs [as] SSI benefits are payable only from the month after the date of the application, regardless of the onset date of disability" (Dkt. 20, p. 2 (quotation omitted)).The Court concludes that this reason provided by the ALJ for his failure to credit fully the 100% disability determination by the VA is not persuasive or valid.

    The second reason provided by the ALJ was that the "evidence from the VA provides no solid medical basis to support the changes prior to the date last insured" (AR. 28). However, as noted by the ALJ himself in the above-quoted section, "The VA explained [why] it assigned the new rating" (*id.*). In addition, despite defendant's argument to the contrary, as reviewed by plaintiff, the VA record provides a "solid medical basis to support the changes prior to the date last insured," including:

> 5/12/11: VA psychiatric evaluation documented difficulty with sleep, nightmares, intrusive thoughts, paranoia, feeling like he's back in Iraq with hyper-arousal, isolation, bad days, patrolling the perimeter of his home with a gun, weight gain, excessive drinking, anhedonia, diminishing social network, irritability, anger, suicidal thoughts-he was observed to be agitated, irritable and tearful, with restricted affect and somewhat scattered attention and concentration. Insight judgment was fair to poor, and he appeared overwhelmed. He was diagnosed with PTSD and Major Depressive Disorder, with a GAF of 40 (footnote omitted). (Internal citation to AR. 475-479).
>
> 6/2/11: He reported to his therapist that he was still experiencing flashbacks and problem with his temper, yelling at drivers and the TV. (Internal citation to AR. 463-64).
>
> 7/6/11: His symptom difficulty (functional status) was noted as "very difficult" with continued symptoms of PTSD, including hypervigilance,

    nightmares, avoidance, and detachment from others. (Internal citation to AR. 460-61).

    8/19/11: His functional status was "[extremely] difficult" with continued hypervigilance, nightmares, avoidance, and detachment from others. (Internal citation to AR. 455-56).

    10/17/11: Medications were adjusted due to a "dramatic increase in anxiety" and [] his PTSD symptoms, including frequent nightmares about Iraq, [and he was observed to have an anxious mood]. (Internal citation to AR. 441-43).

    10/24/11: He completed a PTSD assessment tool and scored 69/85, which is quite significant. He reported 8/10 depression 7/7 days per week and 6/10 anxiety 5/7 days. He was sleeping only 2-3 hours per night and was having trouble keeping his anger under control. (Internal citation to AR. 440).

    2/21/12: His medications were adjusted for treatment of nightmares, depression, anxiety and panic attacks. (Internal citation to AR.431-32).

    3/12/12: He reported flashbacks and panic attacks triggered when he had to go out in public to stores or restaurants, or when a passenger in a car. Continued trouble sleeping, only five hours per night average. (Internal citation to AR. 428).

    6/26/12: He reported continued problems sleeping, with frequent and severe nightmares. Medications were adjusted due to continued symptoms of depression and anxiety despite Rx [prescription] compliance. (Internal citation to AR. 424-25).

    6/30/12: Date Last Insured.

(Dkt. 13, pp. 4-5).

    As noted by plaintiff, it is not clear from the ALJ's decision whether the ALJ did not read these records, or read them and thought that they were not "solid" (*see* Dkt. 13, p. 5). The Court agrees with plaintiff that the ALJ did not provide any persuasive or valid analysis of this evidence from the record and also agrees with plaintiff that the record

discussed provides a "solid medical basis to support the [VA's] changes prior to the date last insured" (*see id.*; *see also* AR. 28).

In addition, the Court notes that according to the Ninth Circuit, when the record is not adequate to allow for a proper evaluation of a VA disability determination or to allow the ALJ to determine appropriately the weight to be given to the disability determination by the VA, the ALJ has a "duty of inquiry". *McLeod v. Astrue*, 634 F.3d 516, 522 (9th Cir. 2011). Therefore, if the ALJ did not find the VA record to be adequate to allow for proper evaluation of the VA disability determination, the ALJ had a duty to inquire further. *See id.*

For the reasons discussed, the Court concludes that the ALJ's finding that the evidence from the VA does not provide a solid medical basis to support the assessed changes prior to the date last insured is not based on substantial evidence in the record as a whole.

The third reason provided by the ALJ for his failure to credit fully the VA 100% disability determination was that the VA's rating decision "is dated July 17, 2013, after the date last insured" (AR. 28). Regarding this final reason, the Court finds completely persuasive plaintiff's argument, as follows:

> The fact that it took the VA more than a year and a half to render a decision does not invalidate the effective date of that decision. The ALJ should be familiar with the concept, as SSA benefits are regularly awarded many months, and sometimes years, after the AOD [alleged onset date]. The ALJ's finding that the VA Rating Decision is not entitled to the deference required by law simply because the DLI expired while the veteran was waiting for the decision is without merit.

(Dkt. 13, p. 6).

Although defendant is correct that a VA determination regarding disability "is not dispositive on the issue of plaintiff's disability," (Dkt. 19, p. 10), the ALJ nonetheless must provide persuasive, specific, and valid reasons for giving less than great weight to a VA disability rating that are supported by the record. *See McCartey*, *supra,* 298 F.3d at 1076. The Court concludes that the ALJ failed to meet the standard here. Although defendant provides additional rationale that was not provided by the ALJ, according to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp*., 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp, supra*, 332 U.S. at 196). In addition, although there was an additional discussion by the ALJ regarding a lack of probative value of the VA disability determination due to differences in the analysis undertaken by the different agencies, defendant does not attempt to defend this discussion, and it conflicts with the standard by the Ninth Circuit that "an ALJ must ordinarily give great weight to a VA determination of disability . . . because of the marked similarity between these two federal disability programs." *McCartey*, *supra,* 298 F.3d at 1076 (internal citations omitted); *see also Valentine v. Commissioner*, 574 F.3d 685, 695 (9th Cir. 2009) (an ALJ's finding that a VA decision to grant 100% disability, as opposed to ruling on unemployability was not relevant to a Social Security disability

rating "contradicts *McCartey*, which explicitly relied on 'the marked similarity between the disability programs of the VA and the SSA'") (*citing McCartey*, 298 F.3d at 1076).

For the reasons stated and based on the record as a whole, the Court concludes that the ALJ did not provide persuasive, specific and valid reasons for giving less weight to the VA 100% disability rating. The Court also concludes that this error is not harmless error.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Marsh v. Colvin*, 792 F.3d 1170, 2015 U.S. App. LEXIS 11920 at *7-*8 (9th Cir. July 10, 2015) (*citing Stout,* 454 F.3d at 1055-56).  Even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (*citing* 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, had the ALJ credited fully the 100% disability determination rating by the VA, plaintiff's RFC would have been different and he likely would have been found

1 | disabled. Therefore, the Court cannot "confidently conclude that no reasonable ALJ,

2 | when fully crediting the testimony, could have reached a different disability

3 | determination." *Marsh*, *supra,* 792 F.3d 1170, 2015 U.S. App. LEXIS 11920 at *7-*8

4 | (*citing Stout,* 454 F.3d at 1055-56).

**(2)   Whether or not the ALJ provided clear and convincing reasons for finding that plaintiff's testimony was not credible**.

The Court already has concluded that the ALJ erred by failing to credit fully the VA's disability determination based on a finding in part that it was not supported by solid medical evidence, *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Plaintiff's credibility should be assessed anew following remand of this matter.

**(3)   Whether this matter should be reversed for further administrative proceedings or with a direction to award benefits.**

Generally when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). There is evidence that the ALJ did not adequately review the VA disability determination or was not familiar with the VA disability procedure and system of adjudication. Therefore, remand with a direction to award benefits is not appropriate because "further administrative proceedings would be

1  useful," either for a more complete assessment of the VA's disability determination or for

2  evaluation by an ALJ who is sufficiently familiar with the VA disability standards,

3  procedure and system of adjudication. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775

4  F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted) (remand for benefits is not

5  appropriate when further administrative proceedings would serve a useful purpose). The

6  Court also notes that the VA disability rating is effective on November 18, 2011 and, as

7  acknowledged by plaintiff, it may be proper for an ALJ to give "the VA rating decision

8  the proper 'great weight,' and ma[k]e a separate analysis based on other medical evidence

9  prior to the VA's 'effective date'" (Reply, Dkt. 20, p. 3). As noted by the Ninth Circuit,

10  "the decision on disability rests with the ALJ and the Commissioner of the Social

11  Security Administration in the first instance, not with a district court." *Marsh*, *supra,* 792

12  F.3d 1170, 2015 U.S. App. LEXIS 11920 at *7-*8 (*citing* 20 C.F.R. § 404.1527(d)(1)-

13  (3)).

## CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 30th day of September, 2015.

J. Richard Creatura
United States Magistrate Judge